UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **CARMENCITA PATTON** | **CIVIL ACTION NO. 22-6040** |
| **VERSUS** | **JUDGE EDWARDS** |
| **BODACIOUS BAR & Q** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM ORDER

Before the Court is a Motion to Dismiss filed by the defendant, Bodacious Bar & Q ("Bodacious").[1] The plaintiff, Carmencita Patton ("Ms. Patton"), opposes the motion.[2]

After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED,** and Carmencita Patton's claims against Bodacious Bar & Q, are **DISMISSED WITH PREJUDICE.**

### I.     BACKGROUND

This is an employment discrimination case in which the plaintiff, Ms. Patton, alleges disparate treatment and wrongful termination by her former employer, the defendant, Bodacious.[3] As required, Ms. Patton first filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").[4] The EEOC did not pursue the charge, and issued Ms. Patton a right-to-sue letter on August 8, 2022.[5] Ms. Patton subsequently filed suit in this Court on November 21, 2022.[6]

---

[1] R. Doc. 16.
[2] R. Doc. 19.
[3] R. Doc. 6 at 2–6.
[4] R. Doc. 1 at 1.
[5] R. Doc. 1-2 at 2.
[6] R. Doc. 1 at 1.

On July 7, 2023, Bodacious filed the instant Motion to Dismiss, alleging that Ms. Patton's suit is time-barred.[7] Bodacious contends that Ms. Patton's suit was filed 105 days after her receipt of her right-to-sue letter—outside of the ninety-day period prescribed by 42 U.S.C. § 2000e–5(f)(1).[8]

Ms. Patton opposes the motion, arguing that the EEOC no longer physically mails right-to-sue letters, and that she was unable to access her letter electronically until August 22, 2022.[9] Accordingly, Ms. Patton asserts that her suit was timely filed—by counting from the date she "printed [it] from the email."[10]

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim [for] relief that is plausible on its face."[11] A complaint attacked by Rule 12(b)(6) does not need detailed factual allegations but requires more than labels and conclusions.[12] A "formulaic recitation of the elements of a cause of action will not do."[13] When evaluating a pleading, courts must accept all factual allegations as true.[14] However, courts need not accept legal conclusions as facts.[15] "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."[16]

---

[7] R. Doc. 16.
[8] R. Doc. 16-1 at 2.
[9] R. Doc. 19-1 at 1.
[10] *Id.*
[11] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).
[12] *Id.* at 555.
[13] *Id.*
[14] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).
[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[16] *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citations omitted).

## III. ANALYSIS

"Title VII [of the Civil Rights Act of 1964] provides that claimants have ninety days to file a civil action after receipt of [a notice of right to sue] from the EEOC."[17] "This requirement to file a lawsuit within the ninety-day limitation period is strictly construed."[18] And "Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired."[19] Nonetheless, the ninety-day limitations period is subject to equitable tolling in "rare and exceptional circumstances."[20] Tolling may be appropriate when "the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."[21] But neither "lack of knowledge of applicable filing deadlines ... [nor] unfamiliarity with the legal process nor ... lack of representation ... [nor] ignorance of legal rights ... [is] a basis for tolling."[22]

Here, Ms. Patton filed suit 105 days after her right-to-sue letter was issued on August 8, 2022.[23] Ms. Patton alleges that her suit is timely because it was filed within ninety days of August 22, 2022, the day she was able to access the EEOC online portal to receive the right-to-sue letter.[24] Ms. Patton attributes the fourteen day delay after

---

[17] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (internal citation omitted).
[18] *Id.*
[19] *Id.*
[20] *Slavit v. Peripheral Vascular Assocs., P.A.*, No. SA22CV1194OLGHJB, 2023 WL 8707418 at *3 (W.D. Tex. Nov. 16, 2023), *report and recommendation adopted*, No. SA-22-CV-01194-OLG, 2023 WL 8704781 (W.D. Tex. Dec. 12, 2023) (quoting *Teemac v. Henderson,* 298 F.3d 452, 457 (5th Cir. 2002).
[21] *Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002).
[22] *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991).
[23] R. Doc. 1-2 at 2.
[24] R. Doc. 19-1 at 1. *See* Fed. R. Civ. P. 6(a)(1)(C).

the issuance of the right-to-sue letter on her "multiple" attempts to access the online portal but her "passwords kept failing."[25]

Notably, attached to Ms. Patton's Original Complaint and her opposition to the Motion to Dismiss is an email dated August 16, 2022, from the EEOC notifying her that a decision had been made regarding her discrimination charge.[26] The subject line of this email states "REMINDER: Important Document Available for EEOC Charge 461-2022-01522."[27] This subject line indicates that it was not the first email to Ms. Patton notifying her of important documents from the EEOC regarding her discrimination charge. The email further states: "EEOC has made a decision regarding charge number 461-2022-01522. It is very important that you download and retain a copy of this document. You may review this decision by logging into the EEOC Public Portal."[28]

"[W]hen a claimant receives notice that the right to sue has been issued through means other than mail, the 90-day period commences regardless of whether the letter has been received."[29] Further, the failure to download, print or otherwise

---

[25] R. Doc. 19-1 at 1.
[26] R. Docs. 1-2 at 1; 19-2 at 2. The Court may consider documents attached to the Complaint in ruling on this motion. *See Jackson v. Victor Chief Zordan,* No. 3:21-CV-03017, 2022 WL 3971063 at *3 (W.D. La. Aug. 15, 2022) (McClusky, M.J.) ("To determine whether the plaintiff has stated a claim, the Court is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced in the complaint.") (internal quotation marks omitted) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).
[27] R. Docs. 1-2 at 1; 19-2 at 2.
[28] *Id.*
[29] *Young v. Martin Marietta Materials Inc.*, No. 6:22-CV-00272-JCB, 2022 WL 18109693 at *5 (E.D. Tex. Nov. 8, 2022), *report and recommendation adopted*, No. 6:22-CV-00272, 2023 WL 36069 (E.D. Tex. Jan. 4, 2023) (collecting cases); *see also, Slavit* 2023 WL 8707418 at *3–5.)

review the right-to-sue letter from the online portal does not toll the 90-day statute of limitations.[30]

Based on Ms. Patton's filings, she received notice of the issuance of the right-to-sue letter by email on August 16, 2022. Starting the clock from August 16, 2022 brought the ninety-day limitations period to a close on November 14, 2022. Thus, Ms. Patton's filing on November 21, 2022 was untimely.

Since her suit was not timely filed, and since she has failed to plausibly allege a basis for equitable tolling, her case must be dismissed.[31] Ms. Patton's alleged access issues—however unfortunate—do not justify the delay in filing her case.

### IV.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Bodacious's Motion to Dismiss[32] is **GRANTED.** Accordingly, Ms. Patton's claims are **DISMISSED WITH PREJUDICE.**

**THUS DONE AND SIGNED** this 8th day of July, 2024.

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[30] See *Young*, 2022 WL 18109693 at *5.
[31] *Ramirez*, 312 F.3d at 183-86. Ms. Patton is familiar with the limitations period, having brought a previous action under Title VII. See *Patton v. Brookshire Grocery,* No. CIV.A. 10-0350, 2011 WL 6160497 (W.D. La. July 11, 2011).
[32] R. Doc. 16